■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MICHAUD, Appellant. [670 NYS2d 233] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 1, 1996, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

In February 1996, defendant's wife ran a day care center in the couple's home. On the afternoon of February 9, 1996, the mother of a child at the center caught defendant, who had been left alone with the children, with his pants down standing over a naked 2½-year-old girl. The mother immediately contacted the Child Abuse Hotline and the State Police and an investigation ensued. Approximately 10 days later, defendant signed a written statement admitting sexual contact with the child when he was caught by the other child's mother. Indicted and convicted of sexual abuse in the first degree and sentenced to an indeterminate prison term of 1½ to 3 years, defendant appeals.

None of the arguments advanced by defendant warrants reversal of his conviction. We address first defendant's contention that his written statement was obtained during a custodial interrogation in the absence of proper *Miranda* warnings. Defendant's own testimony at the *Huntley* hearing (*People v Huntley*, 15 NY2d 72) established that he voluntarily went to the State Police barracks on the morning of February 19, 1996 to discuss the investigation with Investigator Edward Hamel, who read him his *Miranda* warnings shortly after he arrived.

Defendant acknowledged that he understood these rights and voluntarily agreed to talk at that time. This testimony was fully corroborated by Hamel and State Police Investigator Josef Walker.

Defendant signed a written statement confessing to sexual contact with the victim less than one hour after arriving at the barracks. During the short time period that the questioning took place, defendant admittedly was not restrained or in any way threatened. Moreover, according to Hamel and Walker, prior to signing the statement, defendant was given an opportunity to read it (Hamel ascertained that he knew how to read) and indicated that he understood its contents. Hamel and Walker further testified that Hamel read the statement out loud to defendant before he signed it. Indeed, defendant admitted at the *Huntley* hearing that the statement was read out loud to him before he signed it. In these circumstances, we are satisfied, as was County Court, that defendant was not in custody when he was questioned by the investigators and that, in any event, he was fully informed of his *Miranda* rights prior to such questioning, understood and waived these rights and voluntarily made the statement (*see, e.g., People v Conway*, 241 AD2d 752, 753; *People v Corey*, 233 AD2d 773, 774, *lv denied* 89 NY2d 984).

Defendant's remaining arguments merit little discussion. Defendant's written statement in which he confessed to sexual contact with the victim, together with the testimony of the mother who caught him in this act, satisfy both the legal sufficiency and weight of the evidence standards (*see, People v Bleakley*, 69 NY2d 490; *People v Contes*, 60 NY2d 620). While defendant argues that he was deprived of a fair trial by the People's reference to his decision not to submit to a polygraph examination, we note that defense counsel never objected to this reference and, in fact, voluntarily went into this topic during the cross-examination of Hamel and Walker and defendant's direct examination. Thus, not only is this contention unpreserved for review (*see,* CPL 470.05 [2]), reversal in the interest of justice is not warranted (*see,* CPL 470.15 [6]) as the reference was not so egregious as to deny defendant a fair trial (*cf., People v Grice*, 100 AD2d 419 [pervasive prosecutorial misconduct, which included reference to the defendant's failure to take a polygraph test, deprived the defendant of a fair trial]) and was harmless error in any event (*see, People v Tyce*, 160 AD2d 1033, *lv denied* 76 NY2d 867). As a final matter, we reject defendant's contention that his sentence—1½ to 3 years in prison—is harsh and excessive given the nature of this crime.

Defendant's remaining contentions, including the argument that he was denied effective assistance of counsel, have been reviewed and rejected.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.