■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HOGAN, Appellant. [688 NYS2d 329] —Judgment unanimously affirmed. Memorandum: Defendant contends that the jury verdict is against the weight of the evidence. We disagree. Upon weighing the relative probative force of the conflicting testimony, we conclude that the jury properly gave the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). We also reject the contention that defendant was denied effective assistance of counsel. Although counsel's representation of defendant was not free from error, the evidence, the law and circumstances of this case, viewed in

totality and as of the time of the representation, establish that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). The fact that defense counsel was subsequently suspended from the practice of law does not by itself establish that his representation of defendant was ineffective (*see, People v Powell*, 197 AD2d 544, 545, *lv denied* 82 NY2d 901).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct based on testimony from a prosecution witness regarding the fact that defendant took a polygraph test. Because defense counsel did not object to that testimony, defendant's contention has not been preserved for our review (*see*, CPL 470.05 [2]; *People v Michaud*, 248 AD2d 823, 824, *lv denied* 91 NY2d 1010). In any event, the reference to the polygraph test was not so egregious as to deny defendant a fair trial (*see, People v Michaud, supra; People v Fedora*, 186 AD2d 982, 983, *lv denied* 81 NY2d 762).

Finally, defendant contends that he was denied a fair trial by the admission of both the testimony of a physician concerning his examination of complainant and the history portion of complainant's hospital records. He contends that the physician's testimony and the hospital records bolstered complainant's testimony. Defendant failed to preserve his contention for our review (*see*, CPL 470.05 [2]), and we decline to consider it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Steuben County Court, Scudder, J.—Rape, 2nd Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.