■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD F. URIAH, Appellant. [691 NYS2d 216] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). The contention of defendant that the prosecutor improperly cross-examined him concerning his refusal to take a polygraph test and improperly commented on summation concerning that refusal is not preserved for our review (*see*, CPL 470.05 [2]). We conclude, however, that the prosecutor's misconduct deprived defendant of a fair trial, and thus we exercise our power to reverse the judgment as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). On direct examination of an investigator, the People first elicited testimony that he had offered defendant an opportunity to take a polygraph test. Defense counsel, on cross-examination of that investigator, and also through defense witnesses including defendant, elicited testimony that the investigator and other officers asked defendant to take a polygraph test. That testimony was relevant to the defense theory that defendant's confession was involuntary because defendant's will was overborne by aggressive interrogation tactics. By eliciting that testimony, however, defense counsel did not open the door to

the prosecutor's improper questioning of defendant concerning his reasons for refusing to take the polygraph test (*cf., People v Michaud,* 248 AD2d 823, 824, *lv denied* 91 NY2d 1010). The prosecutor improperly asked defendant if he refused the polygraph because "you knew that you had done it, and they could tell you were lying on a polygraph" (*see, People v Morales,* 147 AD2d 381, 385). Further, the prosecutor improperly commented on summation that the reason that defendant did not take the polygraph was "because he had something to hide" (*see, People v Grice,* 100 AD2d 419, 421). In light of our determination, we do not reach the contention that defendant was denied effective assistance of counsel. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.