THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUERRA, Appellant. [830 NYS2d 19]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered February 11, 2004, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Were we to find that the showup identification by Robert Castillo was conducted in an unduly suggestive manner, and were we to find that both the showup and in-court identifications made by the witness in question should not have been admitted, we would find the error to be harmless beyond a reasonable doubt because of the overwhelming proof of defendant's guilt, which included scientific evidence (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The court's *Sandoval* ruling was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court properly permitted the People to inquire about the underlying facts of a 1999 burglary charge that had been dismissed due to defendant's mental incompetence to stand trial, because the underlying facts were relevant to defendant's credibility, and because the dismissal was not a disposition on the merits (*People v Matthews*, 68 NY2d 118, 123 [1986]). The court also properly exercised its discretion when it precluded defendant from establishing the reason for the dismissal, since the finding of incapacity to stand trial was irrelevant to defendant's culpability in the burglary case, or to his willingness to place advance-

ment of his individual self-interest ahead of the interests of society. To the extent that defendant is raising any constitutional claim regarding these rulings, such claim is unpreserved and without merit.

Defendant knowingly and voluntarily waived his right to testify at trial. Even though there were no circumstances requiring a colloquy on that subject (*see People v Dolan*, 2 AD3d 745, 746 [2003], *lv denied* 2 NY3d 798 [2004]; *Brown v Artuz*, 124 F3d 73 [2d Cir 1997], *cert denied* 522 US 1128 [1998]), the court conducted one in any event, and that colloquy fully established the voluntariness of defendant's choice not to testify. Prior to trial, defendant had been examined pursuant to CPL article 730 and found competent, and there is nothing in the record that casts any doubt on his competency.

We perceive no basis for reducing the sentence.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.