# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1322**

**KA 09-01187**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ISIAH WILLIAMS, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 1, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on count two of the indictment, and count four of the indictment is dismissed without prejudice to the People to re-present any appropriate charges under such count to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and grand larceny in the fourth degree (§ 155.30 [1]). Viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

We agree with defendant, however, that reversal is required because the verdict sheet contained an improper notation. Pursuant to CPL 310.20 (2), deliberating jurors may be provided with "[a] written list prepared by the court containing the offenses submitted to the jury by the court in its charge and the possible verdicts thereon. Whenever the court submits two or more counts charging offenses set forth in the same article of the law, the court may set forth the dates, names of complainants or specific statutory language, without defining the terms, by which the counts may be distinguished;

provided, however, that the court shall instruct the jury in its charge that the sole purpose of the notations is to distinguish between the counts."  "Nothing of substance can be included [in the verdict sheet] that the statute does not authorize" (*People v Miller*, 18 NY3d 704, 706).

Here, CPL 310.20 (2) was violated when County Court annotated the verdict sheet with, inter alia, the check number corresponding to count two of the indictment, under which defendant was convicted of criminal possession of a forged instrument in the second degree. Under these circumstances, the error requires reversal of the judgment with respect to both the conviction under that count and the conviction of grand larceny in the fourth degree as a lesser included offense under count four of the indictment because, despite the absence of any improper annotation in relation thereto, count four is "factually related" to count two (*People v Kelly*, 76 NY2d 1013, 1015; *see People v Williams*, 237 AD2d 982, 983, *lv denied* 90 NY2d 866). Contrary to the People's contention, "harmless error analysis is inappropriate where the limits imposed on verdict sheet annotations by CPL 310.20 (2) have been exceeded" (*Miller*, 18 NY3d at 709).

We agree with defendant that reversal is also required based on the court's improper limitation of defense counsel's summation.  "It is, of course, the right of counsel during summation 'to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide' " (*People v Ashwal*, 39 NY2d 105, 109 [citation omitted]).  Here, the court sustained the People's objection to the part of defense counsel's summation that impugned the credibility of defendant's alleged accomplice by suggesting that he testified against defendant only to shorten his own sentence.  The court erred in sustaining that objection because the prosecutor had previously elicited testimony regarding the alleged accomplice's cooperation agreement and sentencing promise.  Inasmuch as the evidence of defendant's guilt is not overwhelming, the error is not harmless (*see People v Santiago*, 17 NY3d 661, 673-674; *People v Crimmins*, 36 NY2d 230, 241-242).

We thus reverse the judgment and grant a new trial on count two of the indictment.  Inasmuch as defendant was convicted of grand larceny as a lesser included offense under count four of the indictment, we dismiss that count with leave to re-present any appropriate charges thereunder to another grand jury (*see People v Gonzalez*, 61 NY2d 633, 634-635; *People v Collier*, 303 AD2d 1008, 1009, *lv denied* 100 NY2d 579).  In light of our determination, we need not address defendant's remaining contentions.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court