# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1310**
**KA 12-01342**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

MICHELE A. CASE, ALSO KNOWN AS MICHELE CASE, ALSO
KNOWN AS MICHELLE A. CASE, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered May 22, 2012. The judgment convicted defendant,
upon a jury verdict, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law and as a matter of discretion in the
interest of justice and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her
following a jury trial of grand larceny in the third degree (Penal Law
§ 155.35 [1]) pursuant to a theory of larceny by false pretense. The
charge arose from defendant's alleged submission to her employer of
time sheets and mileage vouchers that inflated the amount of
compensation to which she was entitled. Viewing the evidence in light
of the elements of the crime as charged to the jury (*see People v
Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not
against the weight of the evidence (*see generally People v Bleakley*,
69 NY2d 490, 495).

Defendant failed to preserve for our review her contention that
County Court erred in admitting certain documents in evidence (*see* CPL
470.05 [2]). We exercise our power to review that contention as a
matter of discretion in the interest of justice (*see* CPL 470.15 [6]
[a]), however, and we conclude that the error in the admission of
exhibits 1 through 7 (summary exhibits) deprived defendant of a fair
trial. We therefore reverse the judgment of conviction and grant a
new trial. We conclude that the summary exhibits were improperly
admitted under the voluminous writings exception to the best evidence
rule inasmuch as defendant was not provided with the data underlying
those exhibits prior to trial (*cf. People v Ash*, 71 AD3d 688, 689, *lv
denied* 14 NY3d 885; *People v Weinberg*, 183 AD2d 932, 934, *lv denied* 80
NY2d 977; *see generally Ed Guth Realty v Gingold*, 34 NY2d 440, 452),

nor were those exhibits based solely upon information already in evidence (*cf. People v Potter*, 255 AD2d 763, 767; *People v Ferraioli*, 101 AD2d 629, 630-631). Defendant was thus denied "a full and fair opportunity" to challenge the accuracy of the summary exhibits (*Weinberg*, 183 AD2d at 934). Because the evidence against defendant is not overwhelming, the error in admitting those exhibits is not harmless (*see People v Santiago*, 17 NY3d 661, 673-674; *People v Williams*, 101 AD3d 1728, 1729, *lv denied* 21 NY3d 1021). We note, however, that we reject that part of defendant's contention concerning the court's alleged error in admitting exhibit 10 in evidence. Contrary to defendant's contention, the People provided a sufficient foundation for the admission of that exhibit, which consisted of computer printouts of data recorded in the medical records database maintained by defendant's employer (*see generally People v Cratsley*, 86 NY2d 81, 89).

We further agree with defendant that she was denied effective assistance of counsel based upon defense counsel's failure to review the summary exhibits or object to their admission in evidence (*see generally People v Benevento*, 91 NY2d 708, 712-713), and thus a new trial is warranted on that ground as well. Although "[i]solated errors in counsel's representation generally will not rise to the level of ineffectiveness" (*People v Henry*, 95 NY2d 563, 565-566), here defense counsel's failures were "so serious, and resulted in such prejudice to the defendant, that [s]he was denied a fair trial thereby" (*People v Alford*, 33 AD3d 1014, 1016; *see People v Turner*, 5 NY3d 476, 480-481).

In view of our decision, we do not address defendant's remaining contention.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court