People v Case (2018 NY Slip Op 02995)





People v Case


2018 NY Slip Op 02995


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


478 KA 16-00559

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHELE A. CASE, ALSO KNOWN AS MICHELE CASE, ALSO KNOWN AS MICHELLE A. CASE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (MELISSA L. CIANFRINI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 22, 2014. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Genesee County Court for a hearing to determine the amount of restitution.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of grand larceny in the third degree (Penal Law
§ 155.35 [1]). We previously reversed the judgment convicting her of the same crime (People v Case, 114 AD3d 1308 [4th Dept 2014]), and the judgment now on appeal is the result of the retrial.
Defendant contends for the first time on appeal that County Court erred in relying on the doctrine of law of the case when it refused to consider the Sandoval issues de novo following our reversal of the earlier judgment and thus failed to preserve that contention for our review (see People v Combo, 291 AD2d 887, 887 [4th Dept 2002], lv denied 98 NY2d 650 [2002]; see also People v Johnson, 101 AD3d 1044, 1044 [2d Dept 2012], lv denied 20 NY3d 1100 [2013]). In any event, that contention lacks merit because the record establishes that the court recognized its authority to make a different determination but, in exercising its discretion, adhered to its prior ruling.
We reject defendant's contention that she was denied effective assistance of counsel based on defense counsel's failure to object to the Sandoval ruling, wherein the court permitted the prosecutor to question defendant, if she chose to testify, on larceny charges underlying an indictment that had been dismissed as untimely. Where, as here, an indictment is dismissed for reasons other than on the merits, the subject matter of the indictment may be used for impeachment purposes under Sandoval (see People v Matthews, 68 NY2d 118, 123 [1986]; People v Brightley, 56 AD3d 314, 315 [1st Dept 2008], lv denied 12 NY3d 756 [2009]; People v Guerra, 35 AD3d 323, 323 [1st Dept 2006], lv denied 9 NY3d 844 [2007]), and it is well settled that acts of larceny are relevant inquiries under Sandoval because they "involve acts of individual dishonesty' . . . and . . . are particularly relevant to the issue of credibility' " (People v Walker, 66 AD3d 1331, 1332 [4th Dept 2009], lv denied 13 NY3d 942 [2010]). We thus conclude that defense counsel was not ineffective in failing to make an objection that had little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]).
Defendant failed to preserve for our review her contention that the prosecutor improperly [*2]cross-examined her on her offer to settle claims made against her by the complainant in a civil action (see generally CPL 470.05 [2]; People v Nater, 280 AD2d 273, 274 [1st Dept 2001], lv denied 96 NY2d 832 [2001]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant likewise failed to preserve for our review her contention that the prosecutor improperly commented during summation on defendant's refusal to take a polygraph (see People v Sanford, 148 AD3d 1580, 1583 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). In any event, that comment would not require reversal. Defense counsel elicited testimony that defendant initially accepted a request to take a polygraph and, shortly thereafter, defense counsel elicited further testimony that, when defendant was presented with the opportunity to take the polygraph, she refused to do so. In summation, the prosecutor made one reference to that refusal, contending that the refusal could be considered by the jury as evidence of defendant's consciousness of guilt. Even assuming, arguendo, that the prosecutor's reference to the testimony elicited by defense counsel at trial was erroneous, we agree with the People that the single reference to that testimony was not so egregious as to deny defendant a fair trial (see People v Michaud, 248 AD2d 823, 824 [3d Dept 1998], lv denied 91 NY2d 1010 [1998]; cf. People v Uriah, 261 AD2d 848, 848-849 [4th Dept 1999]; see also People v Hogan, 259 AD2d 1025, 1026 [4th Dept 1999], lv denied 93 NY2d 926 [1999]).
Contrary to defendant's contention, we further conclude that defense counsel was not ineffective in eliciting such testimony or in failing to object to the prosecutor's comment on summation. Defendant has failed to demonstrate the absence of a strategic or legitimate explanation for defense counsel's alleged shortcomings (see generally People v Benevento, 91 NY2d 708, 712 [1998]). Contrary to defendant's contention, this case is distinguishable from Wynters v Poole (464 F Supp 2d 167 [WD NY 2006]), wherein defense counsel was deemed ineffective for failing to object to the " trifecta' of improper remarks" made by the prosecutor concerning the defendant's refusal to take a polygraph, request for counsel and invocation of the Fifth Amendment right to remain silent (id. at 179). Here, defendant "has not established that counsel's strategy was inconsistent with the actions of a reasonably competent attorney' " (People v Howie, 149 AD3d 1497, 1500 [4th Dept 2017], lv denied 29 NY3d 1128 [2017], quoting People v Henderson, 27 NY3d 509, 514 [2016]). Rather, upon viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we agree with defendant that the court erred in denying her request for a restitution hearing. It is well settled that where, as here, a defendant requests a restitution hearing, Penal Law § 60.27 (2) requires that one be provided, "irrespective of the level of evidence in the record" (People v Ippolito, 89 AD3d 1369, 1370 [4th Dept 2011], affd 20 NY3d 615 [2013] [internal quotation marks omitted]; see People v Connolly, 27 NY3d 355, 359 [2016]). Once we reversed the prior judgment and granted defendant a new trial, she was "restored to the status obtaining before the initial trial" (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 443 [1971], cert denied 404 US 823 [1971]) and, as a result, it is irrelevant that a hearing was held following the first trial. We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court