People v Case (2023 NY Slip Op 01438)

People v Case

2023 NY Slip Op 01438

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

957 KA 19-00084

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHELE A. CASE, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated November 1, 2018. The order directed defendant to pay restitution. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reducing the amount of restitution ordered with respect to Community Care of Western New York, Inc., doing business as HomeCare and Hospice to $1,000, and as modified the order is affirmed.
Memorandum: Defendant appeals from an order directing her to pay restitution in the amount of $24,469.10 payable in part to her former employer, Community Care of Western New York, Inc., doing business as HomeCare and Hospice (HomeCare) and in part to HomeCare's insurance carrier, plus a five percent collection surcharge pursuant to Penal Law § 60.27 (8). Defendant was charged with grand larceny in the third degree after HomeCare conducted an audit of her time sheets and mileage vouchers and determined that she had received more than $14,000 in overpayments during the course of her employment as a registered nurse. Following a jury trial in 2012, defendant was convicted as charged. Several months later, County Court (Robert C. Noonan, J.) conducted a hearing and determined that HomeCare and its insurance carrier were entitled to restitution in the amount of $24,469.10, broken down as follows: $14,207.67 for overpayments made to defendant in wages and mileage reimbursements, of which HomeCare's insurance carrier was entitled to $13,207.67 and HomeCare was entitled to its deductible payment of $1,000; $9,658.02 to HomeCare for labor costs incurred with respect to its employees who investigated defendant's crime and appeared at her trial; and $603.41 to HomeCare for mileage, meal and hotel expenses incurred by its employees who appeared at trial.
On appeal from the initial judgment of conviction, we reversed and granted defendant a new trial based on an erroneous evidentiary ruling (People v Case, 114 AD3d 1308 [4th Dept 2014]). Defendant was tried and convicted again, and the court imposed the same sentence as before, denied defendant's request for a new restitution hearing, and adhered to its prior restitution ruling. On appeal from the second judgment of conviction, we modified the judgment by vacating the amount of restitution ordered, and we remitted the matter for a hearing to determine the amount of restitution (People v Case, 160 AD3d 1448 [4th Dept 2018], lv denied 31 NY3d 1146 [2018]), and otherwise affirmed. The parties thereafter agreed to forgo a hearing and allow County Court (Charles N. Zambito, J.) to determine the amount of restitution based on the evidence adduced at the prior hearing. In the order at issue in this appeal, the court awarded restitution to HomeCare and its insurer in the amount previously determined, i.e., $24,469.10.
We now modify the order by reducing the amount of restitution ordered with respect to HomeCare to $1,000. In our view, HomeCare was not entitled to restitution or reparation for the wages it paid to salaried employees who investigated defendant's theft or for expenses incurred by employees who testified or attended defendant's trial.
Pursuant to Penal Law § 60.27 (1), a court can order a defendant to "make restitution of [*2]the fruits of his or her offense or reparation for the actual out-of-pocket loss and, in the case of a violation of section 190.78, 190.79, 190.80, 190.82 or 190.83 of this
chapter[, i.e., certain identity theft and unlawful possession of personal identification information offenses], any costs or losses incurred due to any adverse action, caused thereby to the victim." An adverse action "shall mean and include actual loss incurred by the victim, including an amount equal to the value of the time reasonably spent by the victim attempting to remediate the harm incurred by the victim from the offense, and the consequential financial losses from such action" (§ 60.27 [1]).
Here, there is no dispute regarding the amount representing the "fruits" of defendant's offense; defendant acknowledges that she must pay the $14,207.67 that she stole from HomeCare. HomeCare had insurance coverage for the loss with a $1,000 deductible, receiving $13,207.67 from its insurance carrier. Defendant therefore owes restitution of $1,000 to HomeCare and the balance to the insurance carrier. The dispute concerns the $9,658.02 awarded by the court to HomeCare for labor costs incurred by HomeCare during its investigation into defendant's crime and the $603.41 in travel expenses incurred by HomeCare employees who appeared at defendant's trial.
We conclude that the labor costs allegedly incurred by HomeCare for employees who investigated the crime are not "actual out-of-pocket" losses within the meaning of Penal Law § 60.27. Instead, they are more akin to "consequential financial losses" incurred from taking adverse action (§ 60.27 [1]), which are not recoverable by HomeCare because defendant was not convicted of one of the identity theft or unlawful possession of personal identification information offenses enumerated in section 60.27. With respect to the travel expenses incurred by HomeCare employees who appeared at defendant's trial, we note that every victim who testifies at trial must travel to the courthouse to do so, and section 60.27 does not impose a duty on the defendant to pay for the costs associated therewith inasmuch as such expenses are not directly caused by the defendant's crime. Instead, they flow from the defendant's election to exercise his or her constitutional right to a trial, which should not come with a price tag.
The People rely on People v Denno (56 AD3d 902, 903-904 [3d Dept 2008], lv denied 12 NY3d 757 [2009]), where the Third Department determined that the sentencing court did not improvidently exercise its discretion when it ordered that the defendant pay reparations to the victim's mother to cover the expenses of traveling by airplane from Florida to New York to speak at sentencing, and to cover the lost wages caused by missing four days of work. We note that the rationale of Denno would allow the award of reparations for travel expenses arising from the appearance of HomeCare's employees at trial, but would not apply to the labor costs associated with HomeCare's internal investigation of defendant's crime. Nevertheless, we do not follow Denno because we do not read Penal Law § 60.27 as requiring a criminal defendant to pay for expenses incurred by the victim to testify at trial or investigatory costs incurred by the victim. In any event, even assuming, arguendo, that such investigatory costs are recoverable, we agree with defendant's alternative contention that the People failed to establish the amount of restitution with respect to such expenses by a preponderance of the evidence (see generally People v Eatmon, 207 AD3d 1160, 1161-1162 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court