■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAYES, Appellant. (Appeal No. 1.) [834 NYS2d 784]—

Appeal from a judgment of the Oneida County Court (Patrick L. Kirk, J.), rendered December 16, 2004. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of the first count of an indictment charging him with murder in the second degree. In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (§ 140.25 [2]) and attempted arson in the second degree (§§ 110.00, 150.15), as charged in a superior court information. We reject the contention of defendant in appeal No. 1 that County Court erred in denying his motion to dismiss the indictment on the ground that his right to due process was violated by unreasonable preindictment delay. In determining whether the preindictment delay was unreasonable, we consider the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]) for determining whether a defendant was denied the constitutional right to a speedy trial, i.e., the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of pretrial incarceration, and whether the defense has been impaired by the delay (*see People v Vernace*, 96 NY2d 886, 887 [2001]). With respect to the length of the delay, we note that the 16-year delay between the death of the victim and the commencement of the murder prosecution does not, by itself, require dismissal of the indictment (*see id.* at 887-888; *People v LaRocca*, 172 AD2d 628 [1991], *lv denied* 78 NY2d 923, 968 [1991]; *see also People v Hoff*, 110 AD2d 782, 782-783 [1985]), particularly in view of the fact that the first three years of that delay were caused by defendant's actions in making the death of the victim appear to be a suicide. With respect to the remaining *Taranovich* factors, we note that the serious nature of the murder charge is obvious, defendant was not incarcerated on the charges arising from the murder during that period, and defendant failed to establish that his defense was impaired by the delay. We thus conclude that the People established that there was good cause for the ensuing delay (*see People v Singer*, 44 NY2d 241, 254 [1978]; *People v Denis*, 276 AD2d 237, 248-249 [2000], *lv denied* 96 NY2d 782, 861 [2001]). We reject the contentions of defendant that he was prejudiced because evidence was lost and witnesses had moved. Those events occurred after the victim's death had been ruled a suicide based on defendant's actions and before the People discovered that the victim had not committed suicide and thus were not the result of any delay on the part of the People.

Defendant contends in both appeals that the court abused its

discretion in denying his motion to withdraw his pleas without conducting a hearing. We reject that contention. In support of his motion, defendant contended that his pleas were not knowingly, voluntarily and intelligently entered because he had not taken his prescription antidepressant medication that day. Defendant's contention is belied by the record of the plea proceeding, which establishes that defendant's factual allocution was lucid and detailed and that defendant understood both the nature of the proceedings and that he was waiving various rights (*see People v Mears*, 16 AD3d 917, 918 [2005]). "Defendant's protestations as to his incompetence, confusion and innocence ring hollow. Concededly, defendant had a history of mental illness for which he was taking medication. But even if (as he claims) he failed to take his medication on the day in question, we are unable to conclude on this record that the failure so stripped him of orientation or cognition that he lacked the capacity to plead guilty" (*People v Alexander*, 97 NY2d 482, 486 [2002]).

The challenge by defendant in appeal No. 2 to the factual sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221 [2005], *lv denied* 6 NY3d 775 [2006]; *People v King*, 20 AD3d 907 [2005], *lv denied* 5 NY3d 829 [2005]). In addition, defendant failed to preserve that challenge for our review inasmuch as he did not include it in his motion to withdraw the plea, nor did he move to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Thoreck*, 303 AD2d 982, 983 [2003]), and this case does not fall within the narrow exception to the preservation requirement (*see Lopez*, 71 NY2d at 666). By pleading guilty, defendant forfeited his contention in appeal No. 2 that the prosecution was barred by the statute of limitations (*see generally People v Hansen*, 95 NY2d 227, 230-231 [2000]) and, in any event, defendant expressly waived that contention when he entered the plea in appeal No. 2. Finally, the waiver by defendant of the right to appeal as part of each plea encompasses his challenge to the severity of the sentence in each appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]), and it "includes waiver of the right to invoke [our] interest-of-justice jurisdiction to reduce the sentence" (*People v Lopez*, 6 NY3d 248, 255 [2006]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.