■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH A. KOZODY, Appellant. [904 NYS2d 846]—Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 7, 2009. The judgment convicted defendant, upon her plea of guilty, of reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25). We reject the contention of defendant that her waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Straw*, 70 AD3d 1341 [2010], *lv denied* 14 NY3d 844 [2010]). It is well settled that "[n]o particular litany is required for an effective waiver of the right to appeal" (*People v McDonald*, 270 AD2d 955 [2000], *lv denied* 95 NY2d 800 [2000]; *see People v Callahan*, 80 NY2d 273, 283 [1992]), and the responses of defendant to County Court's questions during the plea colloquy established that she understood the plea proceedings and voluntarily waived the right to appeal (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9 NY3d 882 [2007]). The valid waiver by defendant of the right to appeal encompasses her challenge to the factual sufficiency of the plea allocution (*see People v Zulian*, 68 AD3d 1731 [2009]; *People v Harris*, 269 AD2d 839 [2000]), as well as her challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Moreover, by failing to move to withdraw her plea or to vacate the judgment of conviction, defendant failed to preserve for our review her challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]). Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.