# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1494**

**KA 08-01563**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DENNIS DONAHUE, ALSO KNOWN AS DENNIS DONOHUE,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 30, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in refusing to grant his motions for a mistrial based on the effect of media coverage of the case upon prospective jurors. He further contends that the court erred in denying his requests for an adjournment to allow the media coverage to subside and for a stay of the proceedings to enable him to move again for a change in venue. We reject defendant's contentions. The court properly determined that the prospective jurors' exposure to news accounts did not warrant a mistrial or an adjournment, nor did such exposure warrant a stay of the proceedings to enable defense counsel to move again for a change of venue (*see generally People v Matt*, 78 AD3d 1616; *People v Fernandez*, 269 AD2d 167, *lv denied* 95 NY2d 796). Contrary to the further contention of defendant, he was not deprived of meaningful representation based on defense counsel's failure to renew defendant's motion for a change of venue after defense counsel's request for a stay of the proceedings was denied, inasmuch as defendant failed to establish that such a motion, if made, would have been successful (*see generally People v Borcyk*, 60 AD3d 1489, 1490, *lv denied* 12 NY3d 923).

Defendant failed to preserve for our review his contention that the court erred in denying his challenge for cause to a prospective juror based on the alleged failure of the prospective juror to

understand the burden of proof (*see generally People v Chatman*, 281 AD2d 964, *lv denied* 96 NY2d 899).  In any event, "[a]ny alleged error on County Court's part was cured when defendant was granted two extra peremptory challenges during a meaningful point in the jury selection process," thus enabling defendant to exercise a peremptory challenge with respect to that prospective juror (*People v Miles*, 55 AD3d 955, 955, *lv denied* 11 NY3d 928; *see People v Johnson*, 265 AD2d 930, 931, *lv denied* 94 NY2d 921).

Contrary to the contention of defendant, his constitutional right to due process was not violated by the 14-year delay between the death of the victim and the date on which he was indicted.  We note at the outset that the 14-year delay "does not, by itself, require dismissal of the indictment" (*People v Hayes*, 39 AD3d 1173, 1174, *lv denied* 9 NY3d 923).  Rather, in determining whether a preindictment delay was unreasonable, we must examine the factors set forth in *People v Taranovich* (37 NY2d 442, 445), including "the reason for the delay [and] the nature of the underlying charge" (*Hayes*, 39 AD3d at 1174).  Here, the People established good cause for the delay by demonstrating that defendant was not a person of interest in the investigation before the year 2007.  Indeed, they established that they lacked sufficient evidence to charge defendant until September 2007, at which time defendant agreed to provide a sample of his DNA and his DNA matched DNA samples taken from the victim's fingernails (*see People v Bradberry*, 68 AD3d 1688, 1689-1690, *lv denied* 14 NY3d 838; *see generally People v Decker*, 13 NY3d 12, 14-16).  Finally, we note that the underlying charge was murder in the second degree, "inarguably a very serious offense" (*Decker*, 13 NY3d at 15), and that is another factor to consider in determining whether the preindictment delay was reasonable (*see Hayes*, 39 AD3d at 1174).

We reject the contention of defendant that the court erred in denying his *Batson* challenge with respect to the prosecutor's use of peremptory challenges to three male prospective jurors.  Defendant failed to present "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges" in a discriminatory manner (*People v Childress*, 81 NY2d 263, 266; *see generally Batson v Kentucky*, 476 US 79, 93-94).  "Specifically, defense counsel did not compare the challenged jurors to similarly-situated unchallenged prospective jurors, point to factors in the challenged jurors' background that made them likely to be pro-prosecution, or enunciate any factor that suggested that the prosecutor exercised the challenges due to the prospective jurors' gender" (*People v MacShane*, 11 NY3d 841, 842; *see People v Hecker*, ___ NY3d ___, ___ [Nov. 30, 2010]).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Also contrary to defendant's contention, viewing the evidence in light of the elements of the crime of murder as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  The sentence is not unduly

harsh or severe.  We have reviewed defendant's remaining contentions and conclude that they are without merit.