# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**931**

**KA 10-02152**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JENNIFER R. WOLF, ALSO KNOWN AS JENNIFER
R. WOLFE, DEFENDANT-APPELLANT.

---

MARCEL J. LAJOY, ALBANY, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered September 27, 2010. The judgment convicted defendant, upon her plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [1]), defendant contends that her waiver of the right to appeal was invalid. We reject that contention. Despite defendant's contention to the contrary, the record "establish[es] that [she] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v McKeon*, 78 AD3d 1617, *lv denied* 16 NY3d 799). Defendant further contends that County Court abused its discretion in denying her motion to withdraw the guilty plea on the ground that the plea was not knowing, voluntary or intelligent. Although defendant's contention survives her valid waiver of the right to appeal (*see People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746), it is without merit. "Permission to withdraw a guilty plea rests solely within the court's discretion . . ., and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, *lv denied* 92 NY2d 1053). Here, defendant failed to submit her own affidavit, let alone any medical evidence, to substantiate her claim in support of her motion that her mental illness precluded her from entering a voluntary plea (*see People v Ashley*, 71 AD3d 1286, 1287, *affd* 16 NY3d 725; *People v Ramos*, 77 AD3d 773, 774, *lv denied* 16 NY3d 835). Further, "[d]efendant's contention is belied by the record of

the plea proceeding, which establishes that [her] factual allocution was lucid and detailed and that defendant understood both the nature of the proceedings and that [s]he was waiving various rights" (*People v Hayes*, 39 AD3d 1173, 1175, *lv denied* 9 NY3d 923). Defendant responded to the court's questions in a clear manner, repeatedly confirmed that she understood the proceedings, and declined opportunities to speak with her attorney. Thus, "nothing in the record of the plea proceeding establishes that defendant's alleged mental illness 'so stripped [defendant] of orientation or cognition that [s]he lacked the capacity to plead guilty' " (*People v Young*, 66 AD3d 1445, 1446, *lv denied* 13 NY3d 912, quoting *People v Alexander*, 97 NY2d 482, 486).

Defendant's further contention that her plea was coerced because the People informed defense counsel that they would pursue additional charges against defendant if she rejected the plea offer is "belied by [her] statement during the plea proceeding that [she] was not threatened, coerced or otherwise influenced against [her] will into pleading guilty" (*People v Irvine*, 42 AD3d 949, 949, *lv denied* 9 NY3d 962 [internal quotation marks omitted]). In any event, "[t]he fact that the possibility of [additional charges] may have influenced defendant's decision to plead guilty is insufficient to establish that the plea was coerced" (*People v Hobby*, 83 AD3d 1536, 1536; *see People v Coppaway*, 281 AD2d 754). Nor does "the fact that defendant was required to accept or reject the plea offer within a short time period . . . amount to coercion" (*People v Mason*, 56 AD3d 1201, 1202, *lv denied* 11 NY3d 927 [internal quotation marks omitted]).

Contrary to defendant's further contention, we conclude that the court did not err in failing to conduct an evidentiary hearing on her motion to withdraw her guilty plea. During the lengthy oral arguments on the motion, the court afforded defense counsel the opportunity to set forth each of his arguments in support of withdrawal. Defendant was thus "afforded . . . the requisite 'reasonable opportunity to present h[er] contentions' in support of that motion" (*People v Strasser*, 83 AD3d 1411, 1411, quoting *People v Tinsley*, 35 NY2d 926, 927; *see Irvine*, 42 AD3d at 949). Further, although defense counsel asserted the attorney-client privilege in response to certain questions by the court, the court was not required to appoint new counsel to represent defendant on the motion inasmuch as defense counsel "did not take an adverse position to defendant" or become a witness against her (*People v Milazo*, 33 AD3d 1060, 1061, *lv denied* 8 NY3d 883; *see People v McKoy*, 60 AD3d 1374, 1374-1375, *lv denied* 12 NY3d 856; *cf. People v Kirkland*, 68 AD3d 1794, 1795).

Finally, defendant contends that the drugs in question that were brought into the prison do not constitute "dangerous contraband" pursuant to Penal Law § 205.25 (1). To the extent that her contention may be deemed to be a jurisdictional challenge to the indictment that survives her valid waiver of the right to appeal (*see People v Hernandez*, 63 AD3d 1615, *lv denied* 13 NY3d 745), we reject that contention. The indictment alleges that defendant "committed acts constituting every material element of the crime charged" (*People v*

*Iannone*, 45 NY2d 589, 600), and the indictment therefore is not jurisdictionally defective (*see id.* at 600-601; *cf. People v Hines*, 84 AD3d 1591, 1591-1592; *People v Reeves*, 78 AD3d 1332, *lv denied* 16 NY3d 835; *People v Hurell-Harring*, 66 AD3d 1126, 1127-1128).

Entered:  October 7, 2011                          Patricia L. Morgan
                                                   Clerk of the Court