# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**420**

**KA 12-00716**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GREGORY WATKINS, DEFENDANT-APPELLANT.

---

ROBERT A. DINIERI, CLYDE, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (CHRISTOPHER BOKELMAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered January 26, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree (two counts), assault in the second degree and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of burglary in the first degree (Penal Law § 140.30 [2]), and one count each of assault in the second degree (§ 120.05 [1]) and assault in the third degree (§ 120.00 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion to withdraw the plea (*see People v Wolf*, 88 AD3d 1266, 1266-1267, *lv denied* 18 NY3d 863; *People v Tracy*, 77 AD3d 1402, 1403, *lv denied* 16 NY3d 746; *see generally People v Dozier*, 74 AD3d 1808, 1808, *lv denied* 15 NY3d 804). "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015). Defendant contended in support of his motion that he was induced to plead guilty based on the originally scheduled sentencing date, which allegedly afforded him time to post bail prior to sentencing, and that the court thereafter advanced the date of sentencing such that he was unable to post bail. Inasmuch as the date on which sentencing was to occur was not part of the plea agreement, we conclude that the court did not abuse its discretion in denying defendant's motion to withdraw his plea on the grounds of duress, misrepresentation or fraud (*see* CPL 220.60 [3]; *People v Todd*, 276 AD2d 913, 914). We reject defendant's further contention that, when the court advanced the date for sentencing, it thereby imposed an enhanced sentence or added a condition

to the plea agreement such that defendant should have been allowed to withdraw his plea (*cf. People v Gordon*, 53 AD3d 793, 794; *People v Armstead*, 52 AD3d 966, 967-968).

The record does not support defendant's further contention that the court abused its discretion in denying his motion to withdraw the plea on the ground that the plea was not knowing, voluntary and intelligent in view of his having been on medication at the time of the plea. Defendant failed to submit his own affidavit or any medical evidence to substantiate that contention (*see People v Ashley*, 71 AD3d 1286, 1287, *affd* 16 NY3d 725; *Wolf*, 88 AD3d at 1266-1267), and in any event it "is belied by the record of the plea proceeding" (*People v Hayes*, 39 AD3d 1173, 1175, *lv denied* 9 NY3d 923), which establishes that defendant understood the nature of the proceedings (*see Wolf*, 88 AD3d at 1267). "Furthermore, to the extent that the contention of defendant that he received ineffective assistance of counsel survives his plea of guilty" (*People v Ellis*, 73 AD3d 1433, 1434, *lv denied* 15 NY3d 851), we conclude that defendant's contention lacks merit (*see People v Culver*, 94 AD3d 1427, 1427-1428, *lv denied* 19 NY3d 1025).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court