■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DASHER, Also Known as WILLIAM DASHER, Appellant. [971 NYS2d 909]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 9, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We reject defendant's contention that Supreme Court erred in refusing to suppress his statements to the police. The evidence presented at the suppression hearing supports the court's determination that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights. Contrary to defendant's contention, the record of the suppression hearing does not establish that he was under the influence of medication at the time he waived those rights "to the degree of mania, or of being unable to understand the meaning of his statements" (*People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *see People v Peterkin*, 89 AD3d 1455, 1455 [2011], *lv denied* 18 NY3d 885 [2012]; *People v Marvin*, 68 AD3d 1729, 1729 [2009], *lv denied* 14 NY3d 842 [2010]). We reject defendant's contention that medically-induced intoxication requires application of the police-induced intoxication rule set forth in *Schompert* (19 NY2d at 305-307), and instead conclude that medically-induced intoxication should be evaluated under the self-intoxication standard referenced above (*see id.*; *see also People v Adams*, 26 NY2d 129, 137 [1970], *cert denied* 399 US 931 [1970]). Contrary to the contention of defendant in his pro se supplemental brief, we conclude that he was

not denied his right to testify before the grand jury (*see People v Ballard*, 13 AD3d 670, 671 [2004], *lv denied* 4 NY3d 796 [2005]; *see also People v Parker*, 63 AD3d 537, 537 [2009]). Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.