SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

333
KA 12-01074
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICARDO A. AYALA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered June 8, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256). County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912). Further, the record as a whole establishes "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256; *see Ripley*, 94 AD3d at 1554). Defendant contends that the court erred in refusing to allow him to withdraw his plea on the ground that defense counsel had led him to believe that the plea did not preclude him from filing an appeal. Although that contention survives defendant's waiver of the right to appeal (*see People v Theall*, 109 AD3d 1107, 1107-1108), it is unpreserved for our review because the record establishes that defendant did not in fact move to withdraw his plea on that ground (*see People v Hall*, 82 AD3d 1619, 1619, *lv denied* 16 NY3d 895; *People v Carlisle*, 50 AD3d 1451, 1451, *lv denied* 10 NY3d 957). This case does not fall within the rare exception to the preservation requirement because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon defendant's guilt (*People v Lopez*, 71 NY2d

662, 666).  We conclude that the court did not otherwise abuse its discretion in denying defendant's motion to withdraw his plea, inasmuch as there is no "evidence of innocence, fraud, or mistake in inducing the plea" (*People v Watkins*, 107 AD3d 1416, 1416, *lv denied* 22 NY3d 959; *see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015; *People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053).

Defendant's contention that he was denied effective assistance of counsel " 'does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Russell*, 55 AD3d 1314, 1314, *lv denied* 11 NY3d 930; *see People v Lugg*, 108 AD3d 1074, 1075; *People v Lucieer*, 107 AD3d 1611, 1612).

Defendant's waiver of his right to appeal does not encompass his challenge to the severity of his sentence because " 'no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal' with respect to his conviction that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Peterson*, 111 AD3d 1412, 1412; *see People v Maracle*, 19 NY3d 925, 928; *People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076).  We nevertheless conclude that defendant's sentence is not unduly harsh or severe.

Entered:  May 2, 2014                    Frances E. Cafarell
                                         Clerk of the Court