# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1005**

**KA 11-02047**

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TYRONE D. MANOR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered April 30, 2010. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea. "[A] court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (*People v Williams*, 103 AD3d 1128, 1128, *lv denied* 21 NY3d 915; *see People v Wolf*, 88 AD3d 1266, 1267, *lv denied* 18 NY3d 863; *People v McKoy*, 60 AD3d 1374, 1374, *lv denied* 12 NY3d 856; *People v Beaty*, 303 AD2d 965, 965, *lv denied* 100 NY2d 559). Here, defendant's claims that he was coerced by family members into pleading guilty, that he was intoxicated during the plea proceeding, and that he did not understand the nature of the plea or its consequences are belied by the record of the plea proceeding (*see People v Gast*, 114 AD3d 1270, 1271, *lv denied* 22 NY3d 1198; *Wolf*, 88 AD3d at 1267; *People v Thomas*, 72 AD3d 1483, 1484). Contrary to defendant's further contention, the court did not abuse its discretion in denying his motion without a hearing. The court "afforded defendant the requisite 'reasonable opportunity to present his contentions' in support of [his] motion . . . , and the court did not abuse its discretion in concluding that no further inquiry was necessary" (*People v Strasser*, 83 AD3d 1411, 1411, quoting *People v Tinsley*, 35 NY2d 926, 927; *see Wolf*, 88 AD3d at 1267-1268).

To the extent that defendant contends that his statements during the plea colloquy negated the intent element of the crime or raised a possible justification defense that required the court to conduct further inquiry, we reject that contention. "Although the initial statements of defendant during the factual allocution may have negated the essential element of his intent to cause death, his further statements removed any doubt regarding that intent" (*People v Trinidad*, 23 AD3d 1060, 1061, *lv denied* 6 NY3d 760; *see People v Theall*, 109 AD3d 1107, 1108, *lv denied* 22 NY3d 1159). Furthermore, "nothing [defendant] said [during the plea colloquy] raised the possibility of a viable justification defense" (*People v Spickerman*, 307 AD2d 774, 775, *lv denied* 100 NY2d 624; *see People v Reyes*, 247 AD2d 639, 639, *lv denied* 92 NY2d 859).

We reject defendant's further contention that he was denied effective assistance of counsel. Defendant's contention "survives his guilty plea only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance" (*People v Culver*, 94 AD3d 1427, 1427, *lv denied* 19 NY3d 1025 [internal quotation marks omitted]; *see People v Garner*, 86 AD3d 955, 956). Defendant's claim that he did not have ample time to discuss the plea offers with defense counsel is belied by his statement during the plea colloquy (*see Strasser*, 83 AD3d at 1411). To the extent that defendant contends that defense counsel failed to provide him with any advice regarding the plea offers, that contention is based upon matters outside the record and thus may be raised only by way of a motion pursuant to CPL article 440 (*see People v Gardner*, 101 AD3d 1634, 1635). On this record, we conclude that defendant received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404). Finally, we reject defendant's contention that the sentence is unduly harsh and severe.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court