# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

204

KA 13-01847

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM C. TRACY, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered September 5, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree (four counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of four counts of rape in the third degree (Penal Law § 130.25 [2]) and one count of endangering the welfare of a child (§ 260.10 [1]). County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea on the ground that, as the result of his mental illness and use of psychiatric medication, the plea was not voluntarily, knowingly, and intelligently entered (*see generally People v Fiumefreddo*, 82 NY2d 536, 543-544). The record supports the court's conclusion that defendant's "plea was knowing, voluntary and intelligent, and that his psychiatric condition and medications did not undermine his ability to understand the terms and consequences of his guilty plea" (*People v Mack*, 90 AD3d 1317, 1321).

The court also properly refused to suppress defendant's statement to the police on the ground that he was impaired by medication during the interrogation and thus did not validly waive his *Miranda* rights. The evidence at the suppression hearing supports the court's determination that defendant effectively waived his *Miranda* rights, including the right to counsel (*see People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795). Contrary to defendant's contention, the record does not establish that "he was under the influence of medication at the time he waived those rights 'to the degree of mania, or of being unable to understand the meaning of his statement[]' " (*People v Dasher*, 109 AD3d 1125, 1125, *lv denied* 22 NY3d 1040, quoting

*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874).

We reject defendant's contention that the court erred in failing, sua sponte, to appoint new counsel to represent defendant on his motion to withdraw the guilty plea.  Contrary to defendant's contention, defense counsel did not take a position adverse to defendant with respect to that motion (*see People v Wolf*, 88 AD3d 1266, 1268, *lv denied* 18 NY3d 863).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court