# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

505

KA 12-02113

PRESENT: SMITH, J.P., CENTRA, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAKOTA W. BARNES, ALSO KNOWN AS "KNEES,"
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 13, 2010.  The appeal was held by this Court by order entered July 3, 2014, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (119 AD3d 1374).  The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]).  We conclude that Supreme Court did not abuse its discretion in refusing to grant defendant youthful offender status (*see People v Frontuto*, 114 AD3d 1271, 1271, *lv denied* 23 NY3d 1036; *People v Johnson*, 109 AD3d 1191, 1191-1192, *lv denied* 22 NY3d 997), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961).  Defendant's valid waiver of the right to appeal "does not encompass his challenge to the severity of the sentence because no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal with respect to his conviction that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Ayala*, 117 AD3d 1447, 1448, *lv denied* 23 NY3d 1033 [internal quotation marks omitted]; *see People v Maracle*, 19 NY3d 925, 928).  Nevertheless, we reject that challenge.

Entered:  May 1, 2015                                Frances E. Cafarell
                                                     Clerk of the Court