THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. LINDSAY, III, Appellant. [21 NYS3d 656]—

Appeal from a judgment of the Chautauqua County Court (John L. LaMancuso, A.J.), rendered June 13, 2013. The judgment convicted defendant, upon his plea of guilty, of, inter alia, reckless endangerment in the first degree and driving while intoxicated, a misdemeanor (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, reckless endangerment in the first degree (Penal Law § 120.25) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). We reject defendant's contention that County Court erred in denying his pro se motion to withdraw his plea without conducting an adequate inquiry. The record establishes that the court afforded defendant the requisite "reasonable opportunity to present his contentions" (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Carter-Doucette*, 124 AD3d 1323, 1324 [2015], *lv denied* 25 NY3d 988 [2015]), and properly denied the motion inasmuch as defendant's "claims were

conclusory and unsubstantiated" (*People v Temple*, 89 AD3d 644, 644 [2011], *lv denied* 19 NY3d 968 [2012]). We also reject defendant's contention that the court erred in failing to assign him new counsel before making that determination. "[T]he record belies defendant's contention that defense counsel took a position adverse to that of defendant in his pro se motion to withdraw the plea, and thus there was no reason for the court to assign new counsel" (*People v Rossborough*, 105 AD3d 1332, 1333 [2013], *lv denied* 21 NY3d 1045 [2013]).

Finally, we conclude that defendant's sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Carni, Valentino and DeJoseph, JJ.