SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**822**
**KA 14-02103**
PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

ANSON SPATES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 23, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant's contention, Supreme Court did not abuse its discretion in denying his motion to withdraw the plea (*see People v Watkins*, 107 AD3d 1416, 1416, *lv denied* 22 NY3d 959; *People v Wolf*, 88 AD3d 1266, 1266-1267, *lv denied* 18 NY3d 863). Defendant contended in support of his motion that the plea was not knowing, voluntary, and intelligent based upon what defendant believed was an erroneous "threat of 50 years" in prison if he did not plead guilty and his assertion that he did not have enough time to consider the offer. Inasmuch as the court made clear at the time of the plea that the maximum sentence was 25 years and defendant agreed at the time of the plea that he had discussed the matter with his attorney and never indicated that he needed more time, defendant's contention is " 'belied by the record of the plea proceeding' . . . , which establishes that defendant understood the nature of the proceedings" (*Watkins*, 107 AD3d at 1417), and is " 'refuted by his statements during the plea proceedings' " (*People v McKinnon*, 5 AD3d 1076, 1076, *lv denied* 2 NY3d 803).

Defendant's contention that his guilty plea was not knowing, voluntary, and intelligent because the court failed to elicit an affirmative factual recitation directly from him is a challenge to the factual sufficiency of the plea allocution and thus "is encompassed by

[the] valid waiver of the right to appeal" (*People v Kosty*, 122 AD3d 1408, 1408, *lv denied* 24 NY3d 1220; *see also People v Hicks*, 128 AD3d 1358, 1359, *lv denied* 27 NY3d 999; *People v Irvine*, 42 AD3d 949, 950, *lv denied* 9 NY3d 962).

Finally, while we agree that defendant's waiver of his right to appeal does not encompass his challenge to the severity of his sentence inasmuch as "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal with respect to his conviction that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Ayala*, 117 AD3d 1447, 1448, *lv denied* 23 NY3d 1033 [internal quotation marks omitted]), we nevertheless conclude that defendant's sentence is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court