# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

687

KA 14-02255

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

LYLE F. DAVOY, SR., DEFENDANT-APPELLANT.

---

ADAM R. MATTESON, LOWVILLE, FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered December 6, 2013. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). As conceded by defendant, the record of the plea colloquy establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Dean*, 48 AD3d 1244, 1244-1245, *lv denied* 10 NY3d 839), and that valid waiver encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Griffin*, 120 AD3d 1569, 1570, *lv denied* 24 NY3d 1084; *People v Irvine*, 42 AD3d 949, 950, *lv denied* 9 NY3d 962). Moreover, defendant failed to preserve for our review his contention that the plea colloquy was factually insufficient inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lawrence*, 118 AD3d 1501, 1501, *lv denied* 24 NY3d 1220; *People v Kozody*, 74 AD3d 1907, 1908, *lv denied* 15 NY3d 806), and this case does not fall within the rare exception to the preservation rule (*see Lawrence*, 118 AD3d at 1501-1502; *see generally People v Lopez*, 71 NY2d 662, 665-666). Although defendant's initial statements during the factual allocution negated the element of intent to cause death, defendant's subsequent statements " 'removed any doubt' " regarding his intent to cause the victim's death (*People v Manor*, 121 AD3d 1581, 1582-1583, *affd* 27 NY3d 1012; *see People v Trinidad*, 23 AD3d 1060, 1060, *lv denied* 6 NY3d 760). Specifically, defendant agreed that, by loading the gun, pointing it at the victim, and firing it, he was intentionally causing the death of the victim and that the incident in fact caused the death of the victim. To the extent that defendant contends that County Court was required to conduct further

inquiry regarding a possible affirmative defense, we reject that contention inasmuch as defendant said nothing during the plea colloquy that " 'raised the possibility of a viable [extreme emotional disturbance] defense' " (*Manor*, 121 AD3d at 1582; *see People v Hart*, 114 AD3d 1273, 1273, *lv denied* 23 NY3d 963).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court