# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1021**
**KA 15-00042**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIFFANY J. ERNST, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 16, 2014. The judgment convicted defendant, upon her plea of guilty, of burglary in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25), defendant contends that County Court abused its discretion in summarily denying her motion to withdraw her plea at sentencing and "should have inquired further" into her grounds for the motion. Defendant sought to withdraw her plea on the basis that it was not knowingly, voluntarily and intelligently entered. Specifically, defendant contends that she was "confused" at the time of the plea and that the court was aware of her unspecified "mental health issues." We reject defendant's contentions. When first presented with the motion, "the court afforded defendant the requisite 'reasonable opportunity to present [her] contentions' " and explain the basis of the motion (*People v Lindsay*, 134 AD3d 1452, 1452, *lv denied* 27 NY3d 967, quoting *People v Tinsley*, 35 NY2d 926, 927; *see People v Manor*, 121 AD3d 1581, 1582, *affd* 27 NY3d 1012). We conclude that, on this record, nothing more was required before the court decided the motion.

It is well settled that "[p]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Watkins*, 107 AD3d 1416, 1416, *lv denied* 22 NY3d 959 [internal quotation marks omitted]; *see* CPL 220.60 [3]; *People v Anderson*, 63 AD3d 1617, 1618, *lv denied* 13 NY3d 858). Here,

defendant's conclusory claims concerning her mental health issues are " 'unsupported by any medical proof, . . . [and do] not raise a sufficient question of fact regarding the voluntariness of [her] plea so as to require an evidentiary hearing' " (*People v Russell*, 79 AD3d 1530, 1531; *see People v McNair* [appeal No. 1], 186 AD2d 1089, 1089, *lv denied* 80 NY2d 1028). Even if one were to credit defendant's self-reports that she suffered from some mental health issues in the past, we note that it is well settled that "[a] history of prior mental illness or treatment does not itself call into question [a] defendant's competence" (*People v Taylor*, 13 AD3d 1168, 1169, *lv denied* 4 NY3d 836; *see People v Young*, 66 AD3d 1445, 1446, *lv denied* 13 NY3d 912). As for defendant's state of mind at the time of the plea, there is nothing in the record to support defendant's assertion that her alleged mental health issues undermined her " 'ability to understand the terms and consequences of [her] guilty plea' " (*People v Tracy*, 125 AD3d 1517, 1518, *lv denied* 27 NY3d 1008), or otherwise "so stripped [her] of orientation or cognition that [s]he lacked the capacity to plead guilty" (*People v Alexander*, 97 NY2d 482, 486; *see People v Wolf*, 88 AD3d 1266, 1267, *lv denied* 18 NY3d 863; *Young*, 66 AD3d at 1446). We therefore conclude that the court did not abuse or improvidently exercise its discretion in denying the motion to withdraw the plea.

Although defendant further contends that her plea was not knowingly, voluntarily, or intelligently entered because "it [was] obvious that [she] was totally confused" at the time of the plea, that contention lacks merit. During the plea colloquy, defendant stated that she was "confused" during a discussion whether she would be eligible for a diversion program. After a lengthy discussion with the court, the prosecutor, and defense counsel concerning her ineligibility for that diversion program, defendant proceeded with the colloquy with no further indication of any confusion (*see People v Ellett*, 245 AD2d 952, 953, *lv denied* 91 NY2d 925). We thus conclude that the court "fulfilled its duty to inquire further" (*People v Swarts*, 64 AD3d 801, 802; *see People v Leonard*, 25 AD3d 925, 925-926, *lv denied* 6 NY3d 850), and the subsequent " 'protestations [of defendant] as to [her] . . . [continued] confusion . . . ring hollow' in light of [her] admissions during the plea colloquy" (*People v McNally*, 59 AD3d 959, 960, *lv denied* 12 NY3d 819, quoting *Alexander*, 97 NY2d at 486; *see People v Hayes*, 39 AD3d 1173, 1175, *lv denied* 9 NY3d 923).

Entered: November 10, 2016

Frances E. Cafarell
Clerk of the Court