# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**443**

**KA 14-01662**

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JAMES D. HILLYARD, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 3, 2014. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty to the entire indictment charging him with, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [4]), in exchange for a sentence of 20 years to life. To the extent that defendant contends that the waiver of the right to appeal is not valid, we reject that contention and conclude that defendant knowingly and intelligently waived his right to appeal (*see generally People v Sanders*, 25 NY3d 337, 341-342), and thus defendant's challenge to the factual sufficiency of the plea is encompassed by his waiver of the right to appeal (*see People v McCrea*, 140 AD3d 1655, 1655, *lv denied* 28 NY3d 933). Moreover, defendant failed to preserve that challenge for our review inasmuch as he failed to move to withdraw the plea or vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665). In any event, defendant's challenge is without merit. Although defendant's initial statements may have negated essential elements of those crimes, i.e., that he lacked knowledge that his codefendants attempted to rob the victim and that he did not intend to kill the victim, "his subsequent statements removed any doubt" that he was aware that his codefendants attempted to rob the victim after he was shot by defendant and that, by firing the gun at the victim, he was intentionally causing his

death (*People v DeMarco*, 117 AD3d 1522, 1523, *lv denied* 23 NY3d 1061;
*see People v Davoy*, 142 AD3d 1301, 1302, *lv denied* 28 NY3d 1144).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court