People v Williams (2019 NY Slip Op 02244)





People v Williams


2019 NY Slip Op 02244


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1288 KA 17-00062

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY L. WILLIAMS, DEFENDANT-APPELLANT. 






WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY GROME ANTONACCI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 20, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in the second degree (Penal Law § 221.25). Initially, we note that it is unnecessary to review defendant's challenge to his waiver of the right to appeal because, as the People correctly concede, "none of the issues he raises would be foreclosed from review by a valid waiver of the right to appeal" (People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; see People v Lefler, 159 AD3d 1427, 1427 [4th Dept 2018], lv denied 31 NY3d 1118 [2018]; People v Dale, 142 AD3d 1287, 1288 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
Defendant contends that his guilty plea was not knowingly, intelligently, and voluntarily entered and that County Court abused its discretion in denying his motion to withdraw his plea on that ground without first conducting a hearing. We reject defendant's contention that the court erred in failing to conduct an evidentiary hearing before denying his motion (see generally People v Manor, 27 NY3d 1012, 1013-1014 [2016]; People v Stutzman, 158 AD3d 1294, 1295 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]). Contrary to defendant's further contention, the court properly denied his motion. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Schultz, 158 AD3d 1058, 1058 [4th Dept 2018], lv denied 31 NY3d 1017 [2018] [internal quotation marks omitted]). Here, there is no support in the record for defendant's contention that the People committed a Brady violation that induced him to plead guilty (see generally Brady v Maryland, 373 US 83, 87 [1963]). Similarly, defendant's "conclusory and unsubstantiated assertion that his plea was coerced" by threats of additional prosecution was "refuted by his statements during the plea proceedings" (People v McKinnon, 5 AD3d 1076, 1076-1077 [4th Dept 2004], lv denied 2 NY3d 803 [2004] [internal quotation marks omitted]; see People v Spates, 142 AD3d 1389, 1389 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]). Notably, defendant's own submissions on his motion establish that he was aware for over six months before pleading guilty that the People were not pursuing additional charges against him. In any event, "[t]he fact that the possibility of [additional charges] may have influenced defendant's decision to plead guilty is insufficient to establish that the plea was coerced" (People v Wolf, 88 AD3d 1266, 1267 [4th Dept 2011], lv denied 18 NY3d 863 [2011] [internal quotation marks omitted]). Although we agree with defendant that the prosecutor incorrectly stated that defendant could be sentenced as a persistent felony offender (see People v Boykins, 161 AD3d 183, 187 [4th Dept 2018], lv denied 31 NY3d 1145 [2018]), that fact " is not, in and of itself, [*2]dispositive' of the issue whether defendant's plea was knowingly and voluntarily entered" (People v Johnson, 24 AD3d 1259, 1259 [4th Dept 2005], lv denied 6 NY3d 814 [2006], quoting People v Garcia, 92 NY2d 869, 870 [1998]). Rather, in evaluating that issue, "various factors must be considered, including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' " (id. at 1259, quoting People v Hidalgo, 91 NY2d 733, 736 [1998]). Here, defendant was 42 years old at the time he pleaded guilty and had a number of previous experiences with the criminal justice system. Defendant also received a sentencing commitment from the court of no more than shock probation. Based on the record before us, including defendant's statements during the plea colloquy that he was not threatened or forced to plead guilty, we conclude that the court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court