THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC YOUNG, Appellant. [885 NYS2d 860]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 2, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that County Court erred in denying his alleged "motion" to withdraw his plea on the ground that the plea was not knowingly, voluntarily and intelligently entered. Of the three grounds raised in support of his contention on appeal, defendant

preserved only one of them for our review, and we decline to exercise our power to review the two unpreserved grounds as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The ground that is preserved for our review is that defendant lacked the mental ability to enter a plea of guilty. At sentencing, defense counsel advised the court that defendant had "mental issues" and that he "felt coerced into entering the plea," whereupon the court specifically addressed issues relating to defendant's competency. We note that, although defendant made no formal motion to withdraw the plea, the court was given " 'the opportunity to address the perceived error and to take corrective measures' " (*People v Louree*, 8 NY3d 541, 545 [2007]). We conclude on the record before us, however, that nothing in the record of the plea proceeding establishes that defendant's alleged mental illness "so stripped [defendant] of orientation or cognition that he lacked the capacity to plead guilty" (*People v Alexander*, 97 NY2d 482, 486 [2002]). "A history of prior mental illness or treatment does not itself call into question defendant's competence" (*People v Taylor*, 13 AD3d 1168, 1169 [2004], *lv denied* 4 NY3d 836 [2005]; *see People v Williams*, 35 AD3d 1273, 1275 [2006], *lv denied* 8 NY3d 928 [2007]), and defendant's responses to the court's inquiries appeared to be informed, competent and lucid (*see People v Hayes*, 39 AD3d 1173, 1175 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Beaty*, 303 AD2d 965 [2003], *lv denied* 100 NY2d 559 [2003]). We thus conclude that defendant's plea was properly entered. Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.