People v Kosmetatos (2019 NY Slip Op 09177)





People v Kosmetatos


2019 NY Slip Op 09177


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1170 KA 16-00531

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN KOSMETATOS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 4, 2015. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree, attempted arson in the second degree and burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), attempted arson in the second degree (§§ 110.00, 150.15), and burglary in the second degree
(§ 140.25 [2]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (§ 140.30 [2]). The two pleas were entered in a single plea proceeding. We affirm in each appeal.
In each appeal, we conclude that defendant "knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea" (People v Alsaifullah, 162 AD3d 1483, 1484 [4th Dept 2018], lv denied 32 NY3d 1062 [2018] [internal quotation marks omitted]; see generally People v Sanders, 25 NY3d 337, 340-342 [2015]). Contrary to defendant's contention, Supreme Court "engage[d] [him] in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and the record establishes that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Alsaifullah, 162 AD3d at 1484; see Sanders, 25 NY3d at 341). Contrary to defendant's further contention, "the court was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal" (People v Bizardi, 130 AD3d 1492, 1492 [4th Dept 2015], lv denied 27 NY3d 992 [2016] [internal quotation marks omitted]; see Alsaifullah, 162 AD3d at 1484; People v Rodriguez, 93 AD3d 1334, 1335 [4th Dept 2012], lv denied 19 NY3d 966 [2012]).
Defendant's contention in each appeal that his plea was not knowing, intelligent, and voluntary because he did not "recite the underlying facts of the crime[s] but simply replied to [the court's] questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal" (People v Tapia, 158 AD3d 1079, 1079 [4th Dept 2018], lv denied 31 NY3d 1088 [2018] [internal quotation marks omitted]; see People v Burtes, 151 AD3d 1806, 1807 [4th Dept 2017], lv denied 30 NY3d 978 [2017]; People v Simcoe, 74 AD3d 1858, 1859 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). Defendant's further contention that each plea was not knowingly, intelligently, and voluntarily entered because a favorable sentence for the codefendant was conditioned upon his plea of guilty is also unpreserved for our review inasmuch as he failed to move to withdraw either plea or to vacate either judgment of conviction on that ground (see [*2]People v Fulton, 133 AD3d 1194, 1195 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]; cf. People v Fiumefreddo, 82 NY2d 536, 542 [1993]), and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's contention that, based on a statement he made during the plea colloquy, the court should not have accepted his pleas without inquiring into his mental competency to plead guilty is also unpreserved (see People v Reap, 163 AD3d 1287, 1289 [3d Dept 2018], lv denied 32 NY3d 1128 [2018]; cf. People v Young, 66 AD3d 1445, 1445-1446 [4th Dept 2009], lv denied 13 NY3d 912 [2009]). In any event, we conclude that nothing in the record of the plea proceeding calls into question defendant's mental capacity; indeed, his responses to the court's inquiries appeared to be informed, competent, and lucid (see Young, 66 AD3d at 1446).
To the extent that defendant's contention that he received ineffective assistance of counsel is based on matters outside the record on appeal, his contention must be raised by way of a motion pursuant to CPL article 440 (see People v McClary, 162 AD3d 1582, 1583 [4th Dept 2018]). To the extent that we are able to review the remaining instances of alleged ineffective assistance on the record before us, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, defendant's waiver of the right to appeal does not encompass his challenge in appeal No. 1 to the severity of the sentence because "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal any issue concerning the harshness of his sentence" (People v Herrington, 161 AD3d 1562, 1562 [4th Dept 2018] [internal quotation marks omitted]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court