People v Hunt (2020 NY Slip Op 06623)





People v Hunt


2020 NY Slip Op 06623


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


750 KA 16-02363

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD J. HUNT, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered September 21, 2016. The judgment convicted defendant upon his plea of guilty of attempted rape in the first degree, rape in the third degree, attempted criminal sexual act in the first degree, criminal sexual act in the third degree, burglary in the second degree, unlawful imprisonment in the second degree (two counts) and forcible touching. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), attempted criminal sexual act in the first degree (§§ 110.00, 130.50 [1]), and burglary in the second degree (§ 140.25 [2]). Initially, we agree with defendant that the purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]). County Court's oral colloquy "mischaracterized the waiver of the right to appeal, portraying it in effect as an 'absolute bar' to the taking of an appeal" (People v Cole, 181 AD3d 1329, 1330 [4th Dept 2020]; see Thomas, 34 NY3d at 565; Youngs, 183 AD3d at 1228-1229). In explaining the waiver, the court suggested that defendant was ceding any right to challenge his guilty plea on appeal, but such an "improper description of the scope of the appellate rights relinquished by the waiver is refuted by . . . precedent, whereby a defendant retains the right to appellate review of very selective fundamental issues" (Thomas, 34 NY3d at 566; see People v Callahan, 80 NY2d 273, 280 [1992]). Moreover, the written waiver of the right to appeal does not "establish a valid waiver because it was not executed until sentencing" (People v Fox, 173 AD3d 1680, 1681 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). Even if the written waiver is considered, it did not contain clarifying language; instead, it perpetuated the mischaracterization that the waiver of the right to appeal constituted an absolute bar to the taking of a first-tier direct appeal and even incorrectly stated that the waiver foreclosed appellate review of nonwaivable issues, such as the voluntariness of the waiver, legality of the sentence, and defendant's competency to stand trial (see Thomas, 34 NY3d at 564, 566; Callahan, 80 NY2d at 280). Where, as here, the "trial court has utterly 'mischaracterized the nature of the right a defendant was being asked to cede,' [this] '[C]ourt cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (Thomas, 34 NY3d at 565-566).
Defendant contends that his mental health history cast significant doubt on the voluntariness of his plea. However, " '[a] history of prior mental illness or treatment does not itself call into question [a] defendant's competence' " (People v Jones, 175 AD3d 1845, 1846 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]; see People v Young, 66 AD3d 1445, 1446 [4th [*2]Dept 2009], lv denied 13 NY3d 912 [2009]), and there is nothing in the record here to suggest that defendant " 'lacked the capacity to understand the plea proceeding' " (People v Smith, 37 AD3d 1141, 1142 [4th Dept 2007], lv denied 9 NY3d 851 [2007], reconsideration denied 9 NY3d 926 [2007]; see Jones, 175 AD3d at 1846; Young, 66 AD3d at 1446). Contrary to defendant's further contention, his "monosyllabic responses to [the court's] questions did not render the plea invalid" (People v Loper, 118 AD3d 1394, 1395 [4th Dept 2015], lv denied 25 NY3d 1204 [2015] [internal quotation marks omitted]; see People v Gordon, 98 AD3d 1230, 1230 [4th Dept 2012], lv denied 20 NY3d 932 [2012]).
We also reject defendant's contention that the court erred in denying his motion to withdraw his plea without making a sufficient inquiry with respect to the grounds for that motion. "The court afforded defendant the requisite 'reasonable opportunity to present his contentions' in support of that motion . . . and [it] did not abuse its discretion in concluding that no further inquiry was needed" (People v Strasser, 83 AD3d 1411, 1411 [4th Dept 2011], quoting People v Tinsley, 35 NY2d 926, 927 [1974]). Additionally, defendant's belated and unsubstantiated assertion that the plea was the result of a failure to take prescribed medication is insufficient to support a motion to withdraw a plea (see People v Gonzalez, 231 AD2d 939, 940 [4th Dept 1996], lv denied 89 NY2d 923 [1996]; People v McNair [appeal No. 1], 186 AD2d 1089, 1089 [4th Dept 1992], lv denied 80 NY2d 1028 [1992]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining
contention and conclude that it lacks merit.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court