People v Smith (2021 NY Slip Op 01666)





People v Smith


2021 NY Slip Op 01666


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1105 KA 18-00561

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORDAN T. SMITH, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Ontario County Court (William F. Kocher, J.), rendered September 12, 2017. Defendant was resentenced upon his conviction of criminal sale of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the resentence so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences of imprisonment imposed on counts one and two of the indictment to consecutive determinate terms of 2½ years, and as modified the resentence is affirmed.
Memorandum: Defendant appeals from a resentence upon his conviction of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We agree with defendant that the purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Here, County Court provided no oral explanation of the waiver of the right to appeal and the written waiver executed by defendant "mischaracterized the waiver of the right to appeal, portraying it in effect as an absolute bar to the taking of an appeal" (People v Youngs, 183 AD3d 1228, 1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020] [internal quotation marks omitted]; see also People v Brito, 184 AD3d 900, 900-901 [3d Dept 2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020] [internal quotation marks omitted]).
We further agree with defendant that, under the circumstances of this case, the resentence is unduly harsh and severe. We therefore modify the resentence as a matter of discretion in the interest of justice by reducing the sentences of imprisonment imposed on counts one and two of the indictment to determinate terms of 2½ years (see Penal Law § 70.70 [2] [a] [i]), which will continue to run consecutively to each other and to the third count, and will be followed by the two years of postrelease supervision imposed by the court (see generally CPL 470.15 [6] [b]; 470.20 [6]; People v Delgado, 80 NY2d 780, 783 [1992]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court