People v Rhode (2021 NY Slip Op 02945)





People v Rhode


2021 NY Slip Op 02945


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


475 KA 19-01691

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEIR A. GROSSE RHODE, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered February 8, 2019. The judgment convicted defendant upon his plea of guilty of assault in the first degree and leaving the scene of an incident resulting in serious physical injury without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law
§ 120.10 [1]) and leaving the scene of an incident resulting in serious physical injury without reporting (Vehicle and Traffic Law
§ 600 [2] [a], [c] [i]). Defendant contends that his purported monosyllabic responses to County Court's inquiries during the plea colloquy, coupled with concerns about his mental health, demonstrate that his plea was not voluntarily, knowingly, and intelligently entered. Preliminarily, we agree with defendant that, contrary to the People's assertion, an exception to the preservation requirement applies here inasmuch as defendant "could not have brought a CPL 220.60 (3) plea withdrawal motion . . . because the plea and sentence occurred during the same proceeding[, and] he could not have filed a CPL 440.10 motion because the [alleged] error in th[is] case[ is] 'clear from the face of the . . . record' " (People v Tyrell, 22 NY3d 359, 364 [2013]; see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). We nonetheless conclude that defendant's contention lacks merit. The court "properly relied upon the reports of two mental health professionals who found that defendant was competent" (People v Moore, 57 AD3d 1432, 1432-1433 [4th Dept 2008], lv denied 12 NY3d 785 [2009]; see People v Morris, 183 AD3d 1254, 1255 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]). In addition, "the record of the plea colloquy establishes that defendant possessed a rational and factual understanding of the proceeding . . . [and] that defendant's guilty plea was knowingly, intelligently and voluntarily entered with the aid of counsel and after the court had fully advised him of the consequences of his plea" (Moore, 57 AD3d at 1433 [internal quotation marks omitted]). Contrary to defendant's further contention, "even though some of [his] responses to the court's inquiries were monosyllabic," his plea is not rendered invalid on that basis (People v Lewis, 114 AD3d 1310, 1311 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; see People v Hunt, 188 AD3d 1648, 1649 [4th Dept 2020], lv denied — NY3d — [Mar. 10, 2021]).
Next, as defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Parker, 189 AD3d 2065, 2065-2066 [4th Dept 2020]; Hunt, 188 AD3d at 1648-1649) and thus does not preclude our review of defendant's challenge to the severity of his sentence (see People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]). We nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court