People v Harrison (2021 NY Slip Op 03742)





People v Harrison


2021 NY Slip Op 03742


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


543 KA 17-01716

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN A. HARRISON, JR., DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 21, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree, disseminating indecent material to minors in the second degree and failure to register as a sex offender. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), disseminating indecent material to minors in the second degree (§ 235.21 [3]), and failure to register as a sex offender (Correction Law § 168-f [4]). We affirm.
As the People correctly concede, defendant's purported waiver of the right to appeal is invalid (see People v Smith, 192 AD3d 1599, 1599 [4th Dept 2021]; People v Hunt, 188 AD3d 1648, 1648-1649 [4th Dept 2020], lv denied 36 NY3d 1097 [2021]). Defendant failed to preserve for our review his challenge to the voluntariness of his plea because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Furthermore, this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Finally, the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court