People v Eatmon (2022 NY Slip Op 04467)

People v Eatmon

2022 NY Slip Op 04467

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

388 KA 20-01652

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN B. EATMON, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered June 5, 2018. The judgment convicted defendant upon his plea of guilty of burglary in the second degree (three counts), attempted burglary in the second degree, grand larceny in the third degree and petit larceny (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of, inter alia, three counts of burglary in the second degree (Penal Law § 140.25 [2]), one count of attempted burglary in the second degree (§§ 110.00, 140.25 [2]), and one count of grand larceny in the third degree (§ 155.35 [1]). As defendant contends and the People correctly concede, defendant's purported waiver of the right to appeal is invalid inasmuch as County Court failed to fully explain the waiver to defendant until the time of his restitution hearing, which took place approximately two months after he completed the plea proceeding (see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see generally People v Bradshaw, 18 NY3d 257, 265 [2011]). "[T]o the extent that the purported waiver of the right to appeal was obtained at [the restitution hearing], it is not valid inasmuch as the court failed to obtain a knowing and voluntary waiver of that right at the time of the plea" (People v Brown, 148 AD3d 1562, 1562-1563 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]).
Defendant further contends that his plea was not knowingly, voluntarily, and intelligently entered because he was not informed, at the time he entered his plea, of the specific amount of restitution that he would have to pay. At the plea proceeding, defendant was informed that his sentence would include restitution, the amount of which would be determined at a restitution hearing. At a hearing held after the entry of the plea, the People presented the testimony of a victim that, although she recovered some of the property that was stolen when defendant burglarized her home, she did not recover several pieces of jewelry with a total value of $135,225. The court found the witness's testimony regarding the value of the jewelry to be credible, determined that the People had sustained their burden of establishing the amount of restitution by a preponderance of the evidence (see generally People v Consalvo, 89 NY2d 140, 145 [1996]), and ordered defendant to pay restitution in the amount of $148,747.50, representing the total loss plus a 10% collection surcharge. Inasmuch as defendant did not move to withdraw his plea of guilty before the sentence was imposed on the basis of the amount of restitution, he failed to preserve for appellate review his contention that the lack of a specific amount of restitution in the terms of his plea agreement rendered the plea involuntary (see People v Niedwieski, 100 AD3d 1023, 1023 [2d Dept 2012], lv denied 21 NY3d 913 [2013]; see generally People v DeScisciolo, 109 AD3d 666, 666 [2d Dept 2013]).
Further, we reject defendant's contention that the court erred in determining the amount of restitution. The court properly "credit[ed] the testimony and documentation presented by the [*2]People and [determined] that the loss incurred was established by a preponderance of the evidence" (People v Osborne, 161 AD3d 1485, 1486 [3d Dept 2018]), and defendant failed " 'to offer evidence contradicting the People's calculation' " (id.).
We also reject defendant's contention that the court erred in failing to make an inquiry when he raised a complaint about defense counsel. "Even assuming, arguendo, that defendant's complaint[] about defense counsel suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry," we conclude that "the court afforded defendant the opportunity to express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit" (People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions, and we conclude that they do not warrant modification or reversal of the judgment.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court