People v Thomas (2022 NY Slip Op 05393)

People v Thomas

2022 NY Slip Op 05393

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

593KA 18-02056

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVON L. THOMAS, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered June 5, 2018. The judgment convicted defendant, upon a plea of guilty, of burglary in the second degree (three counts), grand larceny in the third degree, petit larceny (two counts) and attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of, inter alia, three counts of burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that the evidence at the restitution hearing was insufficient to support the amount of restitution ordered. That contention is not encompassed by defendant's purported waiver of the right to appeal because any issue regarding any award of restitution was specifically excluded from such waiver (see People v Johnson, 50 AD3d 1567, 1567 [4th Dept 2008]). We nevertheless conclude that defendant's contention is without merit inasmuch as the People met their burden of establishing the amount of restitution by a preponderance of the evidence (see People v Eatmon, 207 AD3d 1160, 1161-1162 [4th Dept 2022]; People v Shanley, 189 AD3d 2108, 2109-2110 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]).
As defendant further contends and the People correctly concede,
his waiver of the right to appeal is invalid (see People v Rhode, 194 AD3d 1425, 1426 [4th Dept 2021], lv denied 37 NY3d 994 [2021]; see generally People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus does not preclude our review of defendant's challenge to the severity of his sentence. We
nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court